1

2

3

4

5

6

7                      IN THE UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11  ERIC SIMPLICIANO BUENAFE,

12               Plaintiff,                    No. 2:13-cv-0770 AC P

13          vs.

14  OFFICER KODA, et al.,

15               Defendants.                   <u>ORDER</u>

16  _____/

17               Plaintiff, an inmate at Monroe Detention Center in Yolo County, is proceeding

18  pro se and seeks relief pursuant to 42 U.S.C. § 1983.  He has requested authority pursuant to 28

19  U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local

20  Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21               Plaintiff has submitted a declaration that makes the showing required by 28

22  U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23               Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24  U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

25  in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

26  direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

1    and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

2    payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

3    account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

4    each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

5    U.S.C. § 1915(b)(2).

6           The court is required to screen complaints brought by prisoners seeking relief

7    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

10   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

11   U.S.C. § 1915A(b)(1),(2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in

13   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

14   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15   indisputably meritless legal theory or where the factual contentions are clearly baseless.

16   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

17   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

18   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

19          A complaint must contain more than a "formulaic recitation of the elements of a

20   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

21   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

22   must contain something more . . . than . . . a statement of facts that merely creates a suspicion

23   [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice

24   and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient factual

25   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

26   566 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

2

1    when the plaintiff pleads factual content that allows the court to draw the reasonable inference

2    that the defendant is liable for the misconduct alleged."  Id.

3              In reviewing a complaint under this standard, the court must accept as true the

4    allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

5    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

6    doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

7              Plaintiff names the following as defendants: Canine [or K-9] Officer Koda; the

8    dog's unnamed handler; the Vacaville Police Department; and the "PG&E Company of the City

9    of  Vacaville."  Plaintiff alleges that on April 9, 2012 at about 6:00 a.m., there was a call made to

10   report a person trespassing on PG&E company property near the entrance to I-80.  When the

11   Vacaville Police responded, "they utilized the trained skill of Canine Officer 'Koda' to corral,

12   arrest and detain" plaintiff.  Plaintiff alleges that he was taken into custody by the use of

13   excessive force "while laying on ground already before found."  Plaintiff states that police drove

14   him to a nearby hospital where the police photographed his wounds and doctors stitched and

15   bandaged him.  Plaintiff seeks five million dollars in damages.  Complaint at 3.

16             The Fourteenth Amendment, and not the Eighth Amendment, governs claims by

17   arrestees and pretrial detainees.  Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979).  However,

18   pretrial detainees' Fourteenth Amendment rights are co-extensive with the rights of prisoners

19   under the Eighth Amendment.  Redman v. County of San Diego, 942 F.3d 1435, 1441-1445 (9th

20   Cir. 1991) (en banc) (abrogated in part on other grounds by Farmer v. Brennan, 511 U.S. 825,

21   837 (1994)).

22             "[W]henever prison officials stand accused of using excessive physical force in

23   violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied

24   in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause

25   harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (citing Whitley v. Albers, 475 U.S. 312

26   (1986)).  When determining whether the force was excessive, we look to the "extent of the injury

1 . . . , the need for application of force, the relationship between that need and the amount of force

2 used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to

3 temper the severity of a forceful response.'" <u>Hudson</u>, 503 at 7.  While de minimis uses of

4 physical force generally do not implicate the Eighth Amendment, significant injury need not be

5 evident in the context of an excessive force claim, because "[w]hen prison officials maliciously

6 and sadistically use force to cause harm, contemporary standards of decency always are

7 violated." <u>Id.</u> at 9 (citing <u>Whitley</u>, 475 U.S. at 327).

8   Plaintiff does not present factual allegations sufficient to frame a claim of

9 excessive force against the defendants.  There are no facts suggesting that use of the dog to

10 apprehend plaintiff was unnecessary or disproportionate to legitimate law enforcement needs, or

11 that any defendant acted maliciously and sadistically with intent to cause harm.  Accordingly, the

12 complaint will be dismissed with leave to amend.

13   The complaint suffers from the following further defects, which plaintiff may

14 attempt to cure by amendment:

15   The complaint fails to identify the dog's handler.  Plaintiff may not proceed

16 against an unnamed defendant.

17   The Vacaville Police Department, as a public entity, may not be liable under §

18 1983 unless plaintiff can plead and prove an unconstitutional custom, policy or practice of the

19 department that led to the alleged deprivation of constitutional rights.  <u>Monell v. Dept. of Social</u>

20 <u>Servs.</u> 436 U.S. 658, 694 (1978).

21   Plaintiff makes no allegations whatever that would implicate PG&E.  Moreover, it

22 is unclear how the utility company could be construed as a state actor in this context.  In order to

23 state a claim under § 1983, a plaintiff must allege that:  (1) defendant was acting under color of

24 state law at the time the complained of act was committed; and (2) defendant's conduct deprived

25 plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United

26 States.

4

1    If plaintiff chooses to amend the complaint, he must demonstrate how the

2    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

4    how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

5    there is some affirmative link or connection between a defendant's actions and the claimed

6    deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

7    1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

8    allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

9    of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

11    order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12    complaint be complete in itself without reference to any prior pleading.  This is because, as a

13    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

14    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

15    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

16    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17    In accordance with the above, IT IS HEREBY ORDERED that:

18    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

19    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

20    Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

21    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

22    Sheriff of Yolo County filed concurrently herewith.

23    ////

24    ////

25    ////

26    ////

5

1          3.  The complaint is dismissed for the reasons discussed above, with leave to file

2   an amended complaint within twenty-eight days from the date of service of this order.  Failure to

3   file an amended complaint will result in a recommendation that the action be dismissed.

4   DATED: June 21, 2013

5

6                                      ALLISON CLAIRE
                                       UNITED STATES MAGISTRATE JUDGE
7

8

9   AC:009
    buen0770.b
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26